COAST REALTY COMPANY, DEFENDANT IN CERTIORARI.
v. GABRIEL A. NEWGOLD, PLAINTIFF IN CERTIORARI.

Submitted March 18, 1909—Decided June 7, 1909.

By the terms of a lease the premises were let from June 15th, 1908 to
April 1st, 1913; the rent reserved for the whole period was
$14,250, payable in definite installments; the last payment to be
made in 1908, was $650 August 10th, 1908, "same being rent in
full for the first year," and the remaining payments were pro-
vided for as follows: "For the remaining four years the rent
shall be paid as follows: Seven hundred dollars on the first day
of January of each year," &c. *Held*, that the next payment after
August 10th, 1908, matured January 1st, 1909.

On *certiorari* to Justice Court.

Before Justices GARRISON, BERGEN and VOORHEES.

For the plaintiff in *certiorari, Frank Transue.*

For the defendant in *certiorari, Durand, Ivins & Carton.*

The opinion of the court was delivered by

BERGEN, J. The parties to this controversy entered into a
written agreement, bearing date April 13th, 1908, by the
terms of which the Coast Realty Company, as owner, let to
Gabriel A. Newgold, as tenant, a hotel property located in
North Asbury Park in this state. The landlord instituted
proceedings to dispossess his tenant for non-payment of rent,
which resulted in a judgment for the landlord, and thereupon
a warrant for possession was issued, duly executed, and the
landlord is now in possession. The tenant challenges the
correctness of these proceedings, the record of which has been
brought into this court by a writ of *certiorari.*

The only question requiring consideration is whether an
installment of rent matured January 1st, 1909; if it did, as
the court below determined, then the judgment should stand.

That part of the lease pertinent to the question presented runs as follows: "Term: The period covered by this lease is from June 15th, 1908, to April 1st, 1913. Rent: The total amount of rent for said premises, as hereby mutually agreed upon, is fourteen thousand two hundred and fifty ($14,250) dollars, payable as follows, by said tenant, at the office of Ferguson & Son, Asbury Park, N. J.:

"The first payment made upon the signing of this lease, the receipt of which is hereby acknowledged, is one thousand ($1,000) dollars, and the further sum of six hundred ($600) dollars, July 10th, 1908, and the further sum of six hundred ($600) dollars, August 1st, 1908, and the balance of six hundred and fifty ($650) dollars, August 10th, 1908. Same being rent in full for the first year.

"For the remaining four years the rent shall be paid as follows: Seven hundred ($700) dollars on the first day of January of each year; seven hundred ($700) dollars on the first day of May of each year; seven hundred ($700) dollars on the tenth day of July of each year, and seven hundred and fifty ($750) dollars on the fifth day of August of each year."

According to the contract the term granted is from June 15th, 1908, to April 1st, 1913; the rent to be paid for the whole term, $14,250, and the payments for each year of the term are to be concluded in the month of August. For the first year the payments were made as stipulated, and the present dispute is whether the first installment of the remaining four years became payable January 1st, 1909. The tenant makes two claims—*first,* that when he paid the last installment of rent due August 10th, 1908, the rent was paid to April 1st, 1909, and that therefore the first installment of rent for the remaining four years was not payable until May 1st, 1909, and *second,* that the expression "same being rent in full for the first year," referring to the payment in August, 1908, concludes the landlord from demanding rent until after the expiration of one year from the date when the lease went into effect, which would be June 15th, 1909, and therefore the next installment, after August, 1908, would not mature until July 10th, 1909, whereas the landlord contends that the pay-

ments for the remaining years began January 1st, 1909. It will be observed that the payment of the whole rent reserved of $14,250 is so apportioned that the amount of $2,850 is paid by August 5th, of each year, and the intention that it should be is indicated by the clause in the lease, which declares that when $650 was paid in August, 1908, it was in full for the first year, and according to the theory of the landlord the payments for the next year, if the first installment matured January 1st, would be concluded on the 5th day of August, and so for each succeeding year, the last payment being in August, 1912.

The tenant cannot stand on his first proposition, because April 1st, 1909, was not the expiration of one year from June 15th, 1908, and the words "the same being rent in full for the first year" must apply either to the year 1908, or to a year ending June 15th, 1909.

As to the second point we are of opinion that the lease provides for the payment of all the rent on or before August 5th, 1912, which would not be accomplished if payments for the remaining four years did not commence on January 1st, 1909, and this would not be open to argument except for the statement in the lease, after providing for payments to be made in 1908, "same being rent in full for the first year," but this has reference to the effect of payments made, and does not relate to the time agreed upon for future payments. Certain payments were to be made in 1908, and when made were in satisfaction of a part of the term, and other payments were promised for the rest of the term, beginning, if we regard the order in which they are named, on the 1st day of January next following. Even if we concede that the payments in 1908 were for a term extending beyond January 1st, 1909, there is no reason why the parties might not contract to pay in advance of the beginning of the following year; they did contract that after the payment in August, 1908, a payment should be made on the 1st day of January in each year until, by necessary implication, the whole debt was extinguished. The term granted does not cover five years, for it goes into effect June 15th, 1908, and expires April 1st, 1913, which

indicates that the "remaining four years" in which payments were to be made were calendar years, otherwise there would not be remaining four years, because if the installments for the first of the remaining four years were to commence after the expiration of one year from the letting, the first payment would not be due until July 10th, 1909, and the last not until May 10th, 1913, or more than a month after the expiration of the term.

The lease expressly states that after the payment in August, 1908, the payments of the rent for the remaining four years shall be made "$700 on the first day of January of each year," and the other installments on definite days following, concluding on the 5th day of August of each year, and to hold that the first payment of the remaining four years was not due until the 10th day of July, 1909, would, in our opinion, violate the express contract made by the parties.

We think that the intention of the parties was that after the year 1908, payments of the installments of rent were to begin on the 1st day of January, and end on the 5th day of August of each year, and that that intention is clearly expressed by their agreement. It therefore follows that the court below correctly construed the agreement, and the judgment should be affirmed.